ATLANTIC COAST LINE RAILROAD COMPANY v. TOWN OF SANFORD ET AL.

(Filed 14 November, 1923.)

**Appeal and Error—Record—Facts—Injunction.**

> *Semble,* the question of whether the plaintiff railroad company was discriminated against in an assessment made against its property by ·the board of aldermen of the town of Sanford is apparently adversely determined against it in *Gunter's case, ante,* 452; but the final determination · of this appeal is postponed until the pertinent facts therein are made to . appear of record; and the order restraining the assessment is reversed.

APPEAL by defendants from *Horton, J.,* at chambers, LEE County, 14 June, 1923, continuing a restraining order to the final hearing.

*T. W. Davis, Rose & Rose, and Hoyle & Hoyle for plaintiff.*
*Williams & Williams for defendants.* ·

ADAMS, J. With one or two exceptions, the questions presented in this appeal are governed by the decision in *Gunter v. Town of Sanford et al., ante,* 452.

Section 12 of chapter 15, Private Laws, Extra Session 1921, is as follows:

"That said board of aldermen is hereby authorized and empowered to assess upon street railways and others using the streets of the said town for the purpose of maintaining tracks thereupon, in any district or section created or laid out hereunder, the total cost of paving between the rails and for a space of eighteen inches on each side thereof, and, in addition thereto, two-thirds of the costs of such improvements made over and across railroad and street crossings in such district to be assessed and collected as herein provided for assessments upon such abutting property, and the railroad tracks and rights of way occupied by tracks lying adjacent to, or abutting on or along the streets of the town of Sanford, or section of streets, in any district created or laid out under this act, for street-improvement work, shall be considered abutting property, and shall be subject to the lien of special assessments as provided for in this act, to the same extent and in the same manner as such assessment may be levied against abutting property on or along the opposite side of such street or streets."

The plaintiff contends that a large proportion of its property is neither adjacent to nor abutting on or along the streets of Sanford, so as to be subject to assessment under this or any other section of the town charter, and, moreover, that the provisions of this section are an unlawful discrimination against the plaintiff. Upon these contentions,

as the pleadings now appear, there is allegation by the plaintiff and denial by the defendants, without a full disclosure of the facts pertinent to the issue joined. The assessment rolls, it is true, refer to the plaintiff as the owner of abutting property; and while we are not prepared to hold or even to suggest or intimate that section 12 is in anywise discriminatory, as contended by the plaintiff, or that the plaintiff's property is not subject to assessment, as insisted by the defendants, we deem it advisable to postpone the final determination of these questions until all the pertinent facts are made to appear in the manner authorized by the acts under which the defendants were proceeding when the restraining order was issued.

The judgment of his Honor, continuing the injunction to the final hearing, is reversed, and this will be certified, to the end that further proceeding be had in accordance with law.

Reversed.